IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 3:14-CR-00312-JO |
| v. | ) ) | |
| ROBERT CRAIG HOUGHTON, | ) ) ) | OPINION AND ORDER |
| Defendant. | ) | |

JONES, J.

Defendant Robert Craig Houghton (Houghton) moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 33. Houghton, currently incarcerated at FCI Terminal Island, has a projected release date on September 11, 2022. Def.'s Mot. to Reduce Sentence, ECF No. 33, at 2. He requests that his sentence be reduced to one of time served. Houghton's reason for filing the petition is his medical condition in the face of the novel coronavirus pandemic. The government opposes his motion. For the reasons that follow, I DENY Houghton's motion.

**LEGAL STANDARD**

Although the compassionate release statute previously permitted sentence reductions only upon motion of the Director of the Bureau of Prisons (BOP), Congress expanded the statute in

1   Opinion and Order

the First Step Act of 2018. Pub. L. No. 115- 391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018) (FSA). As amended, § 3582(c)(1)(A)(i), now permits courts to consider motions filed by the defendant so long as the defendant has exhausted all administrative rights or after " the lapse of 30 days from the receipt of such a request by the warden of the defendants facility, whichever is earlier[.]" Pursuant to the FSA, a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).

The pertinent policy statement by the Sentencing Commission for sentence reductions related to medical ailments was last amended before the FSA passed and is found in Application Note 1 to United States Sentencing Guidelines (U.S.S.G.) § 1B1.13. The Note[1] identifies extraordinary and compelling reasons in four categories: (1) the medical condition of the defendant; (2) the age of the defendant; (3) family circumstances; and (4) other reasons as

---

[1] The portion of the FSA relevant to Houghton's petition defines "extraordinary and compelling reasons" as:

1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) **Medical Condition of the Defendant.**—

* * *

(ii) The defendant is—

(I) suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

* * *

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

determined by the Director of the Bureau of Prisons (BOP), in a defendant's case amounting to an extraordinary and compelling reason, other than, or in combination with, the reasons described in subdivisions (1) through (3).

The policy statement also requires a finding that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(2). Finally, the policy statement notes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction)." U.S.S.G. § 1B1.13 n.4.

A defendant seeking a reduction in his term of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that compelling and extraordinary reasons justify compassionate release. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

According to the government, FCI Terminal Island reported that Houghton tested positive for COVID-19, is in quarantine and not considered "recovered."[2] At the time of sentencing, his presentence report (PSR) indicated that he had a body mass index (BMI) of 27.6, which put him in the overweight category. PSR, ECF No. 27 at 25. At the age of 6, he was hospitalized with asthma; however the PSR indicated that his prescribed inhaler was for exercise-induced asthma. PSR, ECF No. 27 at 26. He was also being treated for hypertension. PSR, ECF No. 27 at 26. I originally sentenced him to 120 months in prison and five years of supervised release for conspiracy to distribute or possess with intent to distribute heroin and possession of a firearm in furtherance of a drug trafficking crime. ECF No. 29. He is currently 45 years old and has served more than six years of his sentence.

---

[2] In his reply, defense counsel reports that Houghton was tested for COVID-19 and does not know the results, but has been moved to a dormitory with people appearing sick, although he has not experienced any symptoms of illness.

3   Opinion and Order

Houghton submitted an application for compassionate release to the BOP on April 9, 2020. To date, the BOP has not responded. Thirty days elapsed prior to Houghton filing this motion so it is appropriately before me. Houghton contends that his serious medical conditions, combined with the growing pandemic and the outbreak at Terminal Island provide extraordinary and compelling bases to reduce his sentence. The government counters that Houghton does not qualify for compassionate release because his current medical condition would elevate the medical danger to others and he cannot prove that he is no longer a danger to the community.

I find that Houghton has not carried his burden to prove "extraordinary and compelling" reasons that warrant a sentence reduction. I considered many factors and sought guidance from the Centers for Disease Control (CDC)'s website for the most current information on the coronavirus. I acknowledge that prisoners are exceptionally vulnerable to infection due to the lack of distancing and hygiene issues endemic to prison life. *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities,* CDC (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctinal-detention.html. However, the CDC identifies people who are at higher risk for severe illness as:

- People 65 years and older
- People who live in nursing home or long-term facility
- People of all ages with underlying medical conditions, particularly if not well controlled, including:
  - People with chronic lung disease or moderate to severe asthma
  - People who have serious heart conditions
  - People who are immunocompromised
- People with severe obesity (body mass index [BMI] of 40 or higher)
- People with diabetes
- People with chronic kidney disease undergoing dialysis
- People with liver disease

*People Who Are at Higher Risk for Severe Illness,* CDC (June 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. Neither Houghton's age nor medical conditions meet any of the considerations listed by the CDC. He is younger than the at-risk group and does not appear to have moderate to severe asthma, as his inhaler is for exercise-induced asthma. Hypertension is not listed as a factor.

Houghton requests immediate release to his daughter's residence, a townhome in Sandy, Oregon. The US. Probation Office approved her residence. Def.'s Mot. to Reduce Sentence, ECF No. 33 Ex. C. But, according to the government, should I release Houghton to home detention, the U.S. Probation Office reports that it would not be able to have any in-person contact with Houghton, and would not be able to send him to a halfway house for drug testing. Gov't. Resp. ECF No. 36 at 4. While Houghton's daughter offered to drive him from Terminal Island to her house if he was not allowed to travel by bus or train, this would expose her to many hours of close confinement with her COVID-19- positive father and put her health at risk. She also offered to quarantine Houghton in his own room, but she too would need to be quarantined or would put at risk others in the community. Even if I decided that Houghton proved his medical condition was extraordinary and compelling and worthy of compassionate release, which I do not, this proposed release plan would be inadequate.

To his credit, while incarcerated, Houghton has completed his GED, a drug education program and many other educational classes. But, Houghton has not proved he no longer presents a danger to the community. Houghton has a long history of noncompliance with the law. His record shows 35 prior convictions, including five felonies. PSR, ECF No. 27 at 13-21. Many of his prior convictions are for substance abuse, and his prison record shows that he has no interest in completing a drug abuse program. ECF No. 33, Ex. A at 3. If released, Houghton has

no plan for employment or method to support himself, indicating a lack of stability. Def.'s Mot. to Reduce Sentence, ECF No. 33, Ex. C at 1-2.

## CONCLUSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), I find no extraordinary or compelling medical reasons that warrant a reduction of Houghton's sentence. I also find that Houghton has not shown that he no longer poses a danger to any other person or the community. I DENY his motion. ECF No. 33.

IT IS SO ORDERED.

Dated this 4th day of June 2020.

/S/ Robert E. Jones
Robert E. Jones
Senior United States District Judge